**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 15 2009

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KAREN M. JOLY, | No. 08-35843 |
| Plaintiff-Appellant, | D.C. No. 3:07-cv-06190-HA |
| v. | |
| MICHAEL J. ASTRUE, Commissioner Social Security Administration, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Ancer L. Haggerty, District Judge, presiding

Argued and Submitted, October 9, 2009
Portland, Oregon

Before: O'SCANNLAIN and N.R. SMITH, Circuit Judges, and WHYTE,[**] District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Ronald M. Whyte, United States District Judge for the Northern District of California, sitting by designation.

Karen Joly ("Joly") appeals the district court's decision affirming the Commissioner of Social Security's denial of disability benefits under Titles II and XVI of the Social Security Act, 42 U.S.C. § 401 *et seq*. and § 1381 *et seq*. We affirm.

Joly raises three issues on appeal: (1) whether the ALJ erred in discrediting Joly's testimony; (2) whether the ALJ erred in rejecting the opinion of Dr. Rung, a treating physician; and (3) whether the ALJ erred in rejecting the opinion of nurse practitioner Greene.[1] Joly has failed to establish any errors with respect to issues (1) and (3). She did correctly note an error in the ALJ's evaluation of Dr. Rung's testimony but the ALJ nevertheless properly discounted the testimony.

### 1. Claimant's Testimony About the Severity of Her Symptoms Was Not Credible

The ALJ evaluated Joly's testimony about her symptoms under the proper legal standard and gave a number of reasons for determining that it was not credible. First, the ALJ discussed the objective medical findings and concluded

---

[1] We do not reach the issue of whether the ALJ's step-one determination that Joly's caregiver work from July 2004 through July 2006 constituted "substantial gainful activity" was erroneous. Joly did not raise the issue directly in this appeal, instead raising it only tangentially in the course of arguing that the ALJ erred in her treatment of Dr. Rung's testimony. Joly also did not raise the issue in a substantively meaningful manner before the district court, as conceded by counsel at oral argument. Under these circumstances, we will not consider the issue here. *See Edlund v. Massanari*, 253 F.3d 1152, 1158 (9th Cir. 2001).

that such findings, along with claimant's continued employment, were inconsistent with claimant's testimony. Second, the ALJ noted that claimant's prescribed medications have had "a positive effect on her functioning, including allowing her to work." Third, the ALJ noted that Joly's admitted abilities were inconsistent with a claim of disability, specifically noting Joly's caregiver work in addition to activities she performed shortly before and shortly after her alleged disability onset date, including mowing heavy grass, owning and caring for a horse (including cleaning the stall and barn), and fixing fence posts. The ALJ's stated reasons for finding that Joly's testimony about the severity of her symptoms was not credible are clear and convincing and supported by substantial evidence in the record.

## 2. The ALJ Properly Discounted Dr. Rung's Opinion Despite an Error in Weighing that Opinion

Dr. Rung is a specialist in physical medicine and treated Joly. The ALJ did err in finding that Dr. Rung's testimony was based solely upon self-reports by Joly. Dr. Rung also based her opinion upon an examination she performed. Moreover, Dr. Rung did not discredit Joly's self-reports. The ALJ was not free to simply disregard Dr. Rung's opinion. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). Nevertheless, any error in this regard was harmless for two reasons.

3

First, Dr. Rung's ultimate opinion that Joly was "unlikely to sustain half-time or greater employment on a long-term basis" is directly contradicted by evidence in the record that Joly was engaged in "half-time or greater employment" as a caretaker during the time period in which Dr. Rung issued her opinion. Further, Dr. Rung had not seen Joly since 2003 when Dr. Rung had determined her to be medically stationary and able to care for patients who required minimal lifting and transfer assistance, and the medical evidence (including a 2006 MRI) indicted that there had been no substantial worsening of Joly's condition in the intervening year and a half.

Second, each of the limitations suggested by Dr. Rung's opinion, with the exception of the need to take frequent breaks to lie down during the day, was effectively encompassed in the residual functional capacity assessment reached by the ALJ and posed to the vocational expert. With these limitations, the vocational expert opined that Joly would not be able to perform her past relevant work as it exists in the national economy but would be able to perform her past work as actually performed. Although the limitation of frequent breaks to lie down was not presented to the vocational expert, Joly's own testimony established that she was able to lie down periodically in performing her past work. Under SSR 82-61, Joly

4

was not disabled because she was able to perform past relevant work, as it was actually performed.

### 3. The ALJ Properly Discounted the Nurse Practitioner's Testimony

Finally, the ALJ did not err in disregarding the opinion of Deidre Greene, a treating nurse practitioner. A nurse practitioner is an "other source" whose opinion must be considered by the ALJ, SSR 06-03p, but a statement by a medical source that a person is "disabled" or "unable to work" is not conclusive and is entitled to no special significance. 20 C.F.R. § 404.1527(e), § 416.927(e). The ALJ gave specific and legitimate reasons for giving the opinion no weight. Joly was continuing to work at the time, there was insufficient objective medical evidence to support her allegations of pain, and her daily living activities were consistent with a capacity for light to medium exertion. Moreover, even if the ALJ erred in her treatment of nurse practitioner Greene's opinion, the error was harmless for the same reason that disregarding Dr. Rung's disability opinion was harmless. The evidence established that Joly could perform her past relevant work as actually performed and was thus not disabled.

AFFIRMED.

5